# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TRUDY DRYE**                                                                                        **PLAINTIFF**

**V.**                        **NO. 4:18CV00170 KGB/PSH**

**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Trudy Drye, applied for disability benefits on January 13, 2016, alleging a disability onset date of January 1, 2016. (Tr. at 12). The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Drye's claim. (Tr. at 23). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Drye has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Ms. Drye had not engaged in substantial gainful activity since the alleged onset date of January 1, 2016. (Tr. at 14). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Drye had the following severe impairments: fibromyalgia and migraines.

*Id.*

The ALJ found that Ms. Drye's impairment did not meet or equal a listed impairment. (Tr. at 15). Before proceeding to Step Four, the ALJ determined that Ms. Drye had the residual functional capacity ("RFC") to perform work at the light level, but she must avoid jobs requiring constant stooping, pushing, or pulling. *Id.*

The ALJ next found that Ms. Drye was capable of performing her past relevant work as a clerk. (Tr. at 21). The ALJ made an alternative finding at Step Five. He relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Drye's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as cashier II and sales attendant. (Tr. at 22-23). Therefore, the ALJ found that Ms. Drye was not disabled. *Id.*

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Ms. Drye's Arguments on Appeal

Ms. Drye contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ should have found insomnia to be a severe impairment, that the RFC exceeded her abilities with respect to migraines and anemia, and that the ALJ did not conduct a proper credibility analysis. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Drye focuses on limitations from insomnia, migraines, and anemia. She argues that the ALJ did not conduct a meaningful review of her insomnia and would have found it to be a severe impairment if he had. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Ms. Drye was diagnosed with insomnia on September 25, 2015, before the relevant time-

period. (Tr. at 396). A treatment note in October 2015 said Ms. Drye had mild sleep symptoms, but should get treatment. (Tr. at 424). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). In January 2016, her doctor said it was a simple snoring problem. (Tr. at 420). Ms. Drye also said she was benefitting from taking Ambien. (Tr. at 415). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). The record contains only one more mention of trouble sleeping, in July 2017, but Ms. Drye's doctor did not assess insomnia as a problem then. (Tr. at 691-693). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). A September 2017 medical source statement from Ms. Drye's PCP was silent on insomnia. Finally, Ms. Drye herself testified that she slept nine hours a night. (Tr. at 43). The ALJ mentioned insomnia in his discussion, and he did not err by finding insomnia to be non-severe. (Tr. at 16).

Ms. Drye next argues that the RFC exceeded her abilities with respect to migraines and anemia. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The assigned RFC accounted for both migraines and anemia, and it reflected improvement over time and positive response to treatment.

As for migraines, Ms. Drye complained of migraines throughout the relevant time-period.

However, by January 2016, she was seeing improvement from medication. (Tr. at 420). She said, in May 2016, that her migraine medicine was "wonderful," although she could no longer afford it. (Tr. at 596). There is no evidence Ms. Drye tried to get financial assistance for treatment. *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (absent evidence claimant was denied low-cost or free medical care, claimant's argument he could not afford medical care was appropriately discounted). By 2017, Ms. Drye said her migraines were under good control, and she was only having one per month. (Tr. at 691). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Ms. Drye argues that migraines cause mental functional limitations. However, at the lion's share of doctors' appointments, mental status exams were normal. (Tr. at 396, 402, 407, 523, 630, 634, 808, 835, 846). And Ms. Drye was able to work part-time as a substitute teacher throughout the relevant-time period. (Tr. at 47). An ability to work with an impairment shows that the impairment is not disabling. *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). Finally, treatment was conservative for migraines, and Ms. Drye did not require any emergency room visits for her condition. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

As for anemia, Ms. Drye showed improvement in that condition over the relevant time-period. In November 2015, Dr. Lawrence Mendelsohn, M.D., noted low ferritin levels associated with anemia. (Tr. at 401). Ms. Drye had IV-iron treatment, and after that, her ferritin levels were great. (Tr. at 405-408). By July 2016, Dr. Mendelsohn said she had "done pretty well" with respect to anemia. (Tr. at 635). In 2017, Dr. Mendelsohn cleared Ms. Drye to perform light or sedentary work activity. (Tr. at 799). The ALJ gave weight to this opinion, as he assigned a light RFC.

5

Furthermore, Ms. Drye admitted to attempting to clean floors in August 2017, and said she could do things like socialize with friends, take pictures of her granddaughter, attend bible study, and shop in stores. (Tr. at 46, 51, 706). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

The ability to perform activities of daily living is consistent with the ALJ's credibility finding. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

The ALJ considered Ms. Drye's complaints of pain, and he found that the medical evidence (as summarized above), did not support her assertion that pain was disabling. (Tr. at 19). He also considered that medications were effective in controlling symptoms. (Tr. at 19-20). He weighed Dr. Mendelsohn's opinion that Ms. Drye could perform light work, against the opinion of Christopher Wright, M.D., who said that she could not perform a full-time job. (Tr. at 32). The ALJ discounted the opinion of Dr. Wright, because he had said in his notes that her conditions

were controlled by treatment. (Tr. at 681, 686, 693). The ALJ properly evaluated Ms. Drye's subjective complaints of pain.

VI. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Ms. Drye was not disabled. The ALJ's RFC properly incorporated all of Ms. Drye's limitations, the ALJ did not err at Step Two, and the analysis of subjective complaints was proper. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 4th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE