# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TRUDY DRYE**                                                                                     **PLAINTIFF**

v.                             Case No. 4:18-cv-00170-KGB-PSH

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                                  **DEFENDANT**

## ORDER

The Court has received the Recommended Disposition from Magistrate Judge Patricia Harris (Dkt. No. 18). Plaintiff Trudy Drye filed timely objections to the Recommended Disposition (Dkt. No. 19). After reviewing the Recommended Disposition and the timely objections thereto, as well as after conducting a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 18).

The Court writes separately to address Ms. Drye's objections (Dkt. No. 19). Ms. Drye contends that the Administrative Law Judge ("ALJ") erred in failing to account for any limitations resulting from her recognized severe impairment of migraine headaches (*Id.*, at 1-4). Ms. Drye also asserts that the ALJ erred in failing to consider properly the impact of Ms. Drye's anemia on the residual functional capacity ("RFC") analysis (*Id.*, at 4-6). Further, Ms. Drye claims the ALJ erred in failing to evaluate properly her credibility (*Id.*, at 6-10).

In considering Ms. Drye's objections, the Court notes that its "standard of review is narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Court "must determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Sultan v. Barnhart*, 368 F.3d 857, 862-63 (8th Cir. 2004). "Substantial evidence is

less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* To determine whether the evidence is substantial, courts "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side." *Pearsall*, 274 F.3d at 1217.

Having reviewed the record as a whole *de novo*, the Court concludes that the ALJ did not fail to account for any limitations resulting from Ms. Drye's migraines (Dkt. No. 12-2, at 5-10) and anemia (*Id.*, at 7, 9). The ALJ's RFC accounted for Ms. Drye's migraines and anemia, and it reflected improvement over time and positive response to treatment. Further, substantial evidence in the record supports a determination that the ALJ evaluated properly Ms. Drye's credibility (*Id.*, at 5-10). The ALJ also accounted for the dosage, effectiveness, and side effects of the medications taken by Ms. Drye (*Id.*, at 8-9).

The Court concludes that the Commissioner's decision is supported by substantial evidence in the record as a whole. It is therefore ordered that the Commissioner's decision is affirmed, Ms. Drye's request for relief is denied, and this case is dismissed with prejudice. Judgment shall be entered accordingly.

So ordered this the 31st day of March, 2019.

Kristine G. Baker
United States District Judge